Carroll M. Roberts, J.
On or about August 15, 1896 Rochester Executive Meeting of Friends, a religious society of Friends or Quakers, entered into a trust agreement with the Rochester Trust and Safe Deposit Company, which agreement is the subject of this action.
*306 The plaintiff, Lincoln Rochester Trust Company, is the successor by merger to Rochester Trust and Safe Deposit Company, the trustee named in the agreement. For the .purpose of convenience, the original trustee and its successor will be referred to as the plaintiff.
After administering the trust for nearly 60 years plaintiff in this action seeks to account for its administration of the trust, and for the first time asserts that the trust is invalid and seeks its termination. No objections have been raised to the account of the trustee, and the sole question here involved is the validity of the trust. This issue was submitted to the court on a stipulated set of facts. All of the defendants appearing assert that the trust is valid and oppose its termination.
The original creator of the trust, Rochester Executive Meeting of Friends, laid down and its existence terminated May 6, 1916. Its interest, if any, in the corpus of the trust passed in accordance with the Book of Discipline and the customs and usages of the Society of Friends, successively to Farmington Executive Meeting of Friends, East Hamburg Executive Meeting of Friends, and ultimately to the Rochester Monthly Meeting of Friends, which is a society separate and distinct from the original creator of the trust. The defendant, Friends Burial Ground Association of Mendon, New York, is the beneficiary named in the trust.
By the terms of the trust agreement there was transferred to the trustee the sum of $1,000, together with any further sums which might thereafter be paid to it in trust, to pay over the interest and income therefrom from time to time to the trustees of the Friends Burial Ground Association, of Mendon, New York, to be used and applied in the care and maintenance of said burial ground; such interest to be paid only upon an order signed by a majority of the trustees of said Burial Ground. From time to time additions have been made to the principal of said trust fund so that it now amounts to approximately $4,200.
Friends Burial Ground Association, of Mendon, New York maintains a cemetery in the town of Mendon, in which are buried numerous former members of the Rochester Executive Meeting of Friends, which society created the trust here in question.
On September 27, 1938 a resolution purporting to have been adopted by the Rochester Executive Meeting of Friends was delivered to the trustee with the apparent purpose of amending the trust agreement. The Rochester Executive Meeting of Friends had, however, on that date ceased to exist and the attempt to amend the original agreement was void and of no effect.
*307 Plaintiff advances an ingenious argument upon which the claim of the invalidity of the trust is based. It is claimed that the creator of the trust, Rochester Executive Meeting of Friends, was an unincorporated association, and that as such it had no legal capacity to hold title to personal property and therefore the title to the fund with which the trust was created was held by the trustees of Rochester Executive Meeting of Friends in trust for the members of the society. It is claimed, therefore, that the trustees had a duty to administer the fund for the benefit of the members of the society, and because of the familiar rule of law that a trustee cannot delegate to another an exercise of discretion which is part of his own duty (Mills v. Bluestein, 275 N. Y. 317, 323), the transfer by the trustees of $1,000 to the plaintiff bank and the execution by them of the trust agreement constituted an unlawful delegation by the trustees of Rochester Executive Meeting of Friends of their duties and discretion with reference to said fund to the plaintiff bank as another trustee. This is the only basis upon which the validity of the trust is assailed.
The trustees of the Rochester Executive Meeting of Friends did not hold their office, derive their powers or have their duties defined by any instrument creating a trust. There is no proof of any kind that the sum of $1,000 here involved was held by said trustees by reason of any testamentary or inter vivos trust. The funds belonged to the society itself or to the members thereof, and the duties of the trustees with reference to said funds were merely to administer or dispose of them as the members of the society itself might determine.
An unincorporated association is not an artificial person and has no existence independent of its members. (Martin v. Curran, 303 N. Y. 276, 280.) A religious society is not a legal entity, and although it cannot hold property directly, such society through its members may control the property held by others for its use. (Baxter v. McDonnell, 155 N. Y. 83, 93.) The members of the Rochester Executive Meeting of Friends had the undoubted right to authorize the use of their funds for the purposes specified in the trust agreement here under consideration. The trust agreement itself recites that at a meeting of the society held on April 24, 1896 a resolution was duly adopted setting aside the sum of $1,000 as a perpetual trust fund, the interest thereof to be available for caring for the Friends Burial Ground of Men-don, New York, and authorizing that said sum of $1,000 be placed with the defendant bank for this purpose. When the trustees of the society entered into the trust agreement with the plaintiff bank, they did not delegate any of their powers or discretionary *308 duties to the bank. They merely performed the duty which rested upon them of carrying out the wishes of the members of the society as authorized by the resolution adopted at a meeting of such members.
Sections 202 and 203 of the Religious Corporations Law relate to property of the Religious Society of Friends. These sections are derived respectively from sections 92 and 93 of the Religious Corporations Law of 1895 (L. 1895, ch. 723, eff. May 23, 1895). Section 202 and its predecessor section pertain to property received by any such society. It validates deeds or declarations of trust of real or personal property and provides that they shall vest in the trustees of the society the legal assets and interests purported to be conveyed or declared thereby. Section 203 and its predecessor section relate to the conveyance or incumbrance of property by such a society. The first sentence of section 93, which was in effect at the time the trust agreement here in question was executed, provided as follows: “ The trustee or trustees, or survivor of any trustees, of any meeting of the religious society of Friends, appointed pursuant to the last preceding section, may sell, convey and grant, or demise any or all of the trust property described in said trust deed or declaration of trust, to any person absolutely or in trust for such meeting, whenever any meeting of said society by resolution so directs. ’ ’ This section therefore authorized the trustees of such a society to sell, convey and grant to any person absolutely the property of such society whenever the society by resolution so directed. The power conferred upon the trustees to convey property absolutely, pursuant to a resolution of a meeting of the society, certainly empowered them to convey the funds in question to the plaintiff bank in trust for the purposes indicated when authorized, as here, by a resolution adopted by the members of the society itself.
If the trust is invalid today, as claimed by the plaintiff, it was invalid in its inception and such invalidity should then have been known to the trustee. Yet for more than 60 years the plaintiff has administered this trust. It has accepted commissions on income as shown by the account. Additions to principal have been made from time to time. Plaintiff’s request, now made for the first time, that the trust be declared invalid should be denied, if for no other reason, on the grounds of estoppel, ratification and laches. (Tabernacle Church v. Fifth Ave. Church, 60 App. Div. 327, 336, affd. 172 N. Y. 598; Cassagne v. Marvin, 143 N. Y. 292, 301-302; Saunders v. Richard, 35 Fla. 28; Meldahl v. Wallace, 270 Ill. 220.) The rule of estoppel as applied to a trustee has been stated as follows: 1 ‘ Except where a trustee has been deceived, by accepting the trust and undertaking to perform part *309 or all of the duties devolving on him, he is estopped to deny the validity of the trust.” (89 O. J. S., Trusts, § 83, p. 874.)
In a letter submitted to the court by the attorneys for the trustee, advice is requested as to the nature of investments which may he made by the trustee in the event the trust is sustained. This question is not before the court in the present action, nor is the court empowered to give such advice. (See 12 CarmodyWait on New York Practice, § 1309, p. 108.)
The court finds that the trust in question is a valid trust, and the portion of the complaint requesting relief that such trust be terminated is dismissed. Plaintiff is entitled to judgment judicially settling its accounts as filed subject to commissions and allowances to be fixed in the final judgment, which judgment is to be settled on two days’ notice.
Let judgment be entered in accordance with this decision, Avithout costs.